PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW KEITH ALWARD, | ) | |
| | ) | CASE NO. 4:24CV0935 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| BRIAN NEWELL, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 2, 7, 10, and 11] |

*Pro Se* Plaintiff Matthew Keith Alward filed this action against Elkton Federal Satellite Low ("FSL Elkton"), FSL Elkton Warden Healey, FSL Elkton Case Manager Brian Newell, and the Federal Bureau of Prisons ("BOP"). In the Complaint (ECF No. 1), Plaintiff claims that Newell hindered his ability to qualify for placement in a residential re-entry center because he refused Newell's offer to engage in sexual activity. He contends this violated his Eighth Amendment rights. Plaintiff seeks monetary damages.

## I. Background

Plaintiff alleges that in July 2023, he asked Newell what he needed to do to transfer to the camp within the prison. He claims Newell told him he needed to be cleared of all pending criminal charges. In August 2023, Plaintiff received confirmation from the Washtenaw County Court that he received a final disposition of the charges pending against him. Plaintiff contends Newell was not in the office on the day he received the documentation of the disposition, so he gave the paperwork to another counselor who promised to forward it to Newell. Plaintiff claims he saw Newell in the conference room on August 14, 2023 and asked if he had received the

(4:24CV0935)

paperwork. *See* ECF No. 1 at PageID #: 3. Newell indicated that he had received the information and would remove the pending charge and management variable from Plaintiff's prison record "if we played a little." ECF No. 1 at PageID #: 3. Plaintiff states that he understood this to mean that Newell was proposing that they engage in sexual conduct, an offer he declined. Plaintiff contends that Newell then claimed he would not remove the pending charge and management variable from his prison file. Plaintiff claims the information in his file made him ineligible for federal time credits and placement in a residential re-entry center. *See* ECF No. 1 at PageID #: 3. Plaintiff alleges Newell subjected him to cruel and unusual punishment in violation of the Eighth Amendment.

Plaintiff was transferred to FCI Allenwood Low prior to filing the Complaint (ECF No. 1) in the United States District Court for the Southern District of Ohio (Case No. 1:24-cv-265).[1] On May 29, 2024, the case was transferred to this Court due to improper venue in the Southern District of Ohio.

---

[1] According to the BOP website (https://www.bop.gov/inmateloc/ (last visited Aug. 16, 2024)), Plaintiff is currently housed at FCI Cumberland.
Plaintiff has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Fed. R. Civ. P. 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him").

(4:24CV0935)

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

(4:24CV0935)

## II. Law and Analysis

### A.

Before proceeding to the merits of this claim, the Court must decide whether *Bivens*[2] provides a cause of action in this context. Congress provided a specific damages remedy for Plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983. They, however, did not provide a corresponding remedy for constitutional violations by federal officials. In *Bivens*, the Supreme Court recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. Since then, the Court has allowed *Bivens* remedies in only two other contexts: (1) in a Fifth Amendment gender discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) in an Eighth Amendment Cruel and Unusual Punishments Clause case, *Carlson v. Green*, 446 U.S. 14 (1980). The Court has not approved of an implied damages remedy under the Constitution itself. *Ziglar v. Abbasi*, 582 U.S. 120, 131-32 (2017). The Supreme Court recently clarified that principles of separation of powers dictate that Congress and not the Courts should determine when to authorize a damages suit. *Id.* For this reason, the Supreme Court instructed that federal courts should refrain from extending *Bivens* outside of the three specific contexts in which it has already been applied, absent the presence of special factors.

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(4:24CV0935)

In addition, the Court declined to extend *Bivens* to claims against the United States, any federal agency, or any federal employees sued in their official capacities. *See* FDIC. v. Meyer, 510 U.S. 471, 484-86 (1994); Okoro v. Scibana, 63 Fed.Appx. 182, 184 (6th Cir. 2003) (stating that a federal prisoner can not bring a *Bivens* action against the BOP). The BOP is an agency of the United States Government and FSL Elkton is a prison operated by the BOP. *Bivens* claims cannot be brought against these Defendants. *Id.* The claims against them fail to state a claim as a matter of law.

### B.

Furthermore, *Bivens* claims cannot be brought against a defendant under a theory of *respondeat superior*. Jones v. City of Memphis, 586 F.2d 622, 625 (6th Cir.1978) ("the theory of *respondeat superior* would be fundamentally inconsistent with the import of *Bivens*") (internal quotation marks and citation omitted). Supervisors may not be held liable for the unconstitutional conduct of their subordinates based solely on a mere right to control employees or on a failure to act. Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby Cnty. Sheriff, 891 F.2d 1241, 1246 (1989)). Instead, "supervisory liability requires some 'active unconstitutional behavior' on the part of the supervisor." Peatross v. City of Memphis, 818 F.3d 233, 241 (6th Cir. 2016) (quoting Bass, 167 F.3d at 1048). Plaintiff must show that the supervisor somehow encouraged or condoned the actions of her employees. *Id.* Consequently, unless the plaintiff affirmatively pleads facts demonstrating the direct involvement of the defendant in the allegedly unconstitutional action, the complaint fails to state a claim against that defendant and dismissal is warranted. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

5

(4:24CV0935)

Plaintiff alleges that Warden Healy "was charged with the safety of inmates." Supplemental Complaint (ECF No. 6). He further claims "notice was given to Warden and staff but was ignored." ECF No. 6. Plaintiff, however, does not explain this statement. These allegations do not demonstrate that Warden Healey was personally involved in the proposal for sexual activity or that he actively approved of the Case Manager's alleged actions. These claims are based on a *respondeat superior* theory of liability and do not state a claim under *Bivens*.

C.

The only remaining claim is Plaintiff's Eighth Amendment claim asserted against Newell. Eighth Amendment claims arguably fall within one of the three contexts already recognized for *Bivens* claims. Plaintiff, however, fails to state a claim for relief against Newell under the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*,

6

(4:24CV0935)

503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988); *see* Thaddeus-X v. Blatter,175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does not address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. Hudson, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson, 503 U.S. at 8 (citation omitted). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. Whitley v. Albers, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer, 511 U.S. at 834.

(4:24CV0935)

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Although cases of sexual assault and severe instances of sexual abuse are sufficiently serious to violate the Eighth Amendment, *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (male prison official's sexual harassment of a female prisoner by demanding on multiple occasions that the prisoner expose herself and masturbate while the official watched and intimidated her into complying violated the Eighth Amendment), isolated, brief, and not severe instances of sexual harassment, without more, do not give rise to Eighth Amendment violations. *See Walker v. Baker*, No. 23-1232, 2023 WL 6380124, at *2-3 (6th Cir. Sept. 27, 2023) (officer's sexually suggestive comments to an inmate did not meet the Eighth Amendment objective standard); *Violett v. Reynolds*, 76 Fed.Appx. 24, 27 (6th Cir. 2003) (finding that an officer's suggestion of sexual favors was not sufficient to state Eighth Amendment claim); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment).

Here, Plaintiff alleges that Newell suggested that they "play a little." ECF No. 1 at PageID #: 3. He does not indicate that this suggestion was made more than once, or that Newell in any way attempted physical interaction with Plaintiff. Plaintiff indicates that Newell refused to remove a management variable from his prison record. His allegations describe verbal harassment, not physical abuse or prolonged severe sexual harassment. Plaintiff's claim against Newell does not meet the objective standard of an Eighth Amendment claim.

8

(4:24CV0935)

### III. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's Motions to Appoint Counsel (ECF Nos. 2 and 7), Plaintiff's Motions for Order to Supply Certified Copy of Trust Account and for Release from Segregation; Use of Phone and Law Library; Paperwork Access; and No Contact and Gag Orders (ECF No. 10) (filed on June 7, 2024), and Plaintiff's Motions to Schedule a Hearing for the Motions filed on June 7, 2024 and for Status of this Case (ECF No. 11) are denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Matthew Keith Alward, #22732-040, FCI Cumberland, P.O. Box 1000, Cumberland, MD 21501.

IT IS SO ORDERED.

   August 16, 2024                                    /s/ Benita Y. Pearson
Date                                                     Benita Y. Pearson
                                                             United States District Judge